# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 18-2464-JFW(AGRx)** | Date: May 11, 2018 |

Title:     Veronica Flores -v- Dignity Health, et al.

---

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF VERONICA FLORES' MOTION FOR REMAND AND REMANDING ACTION TO VENTURA COUNTY SUPERIOR COURT [filed 4/6/2018; Docket No. 18]**

    **ORDER DENYING AS MOOT DEFENDANT DIGNITY HEALTH'S MOTION TO DISMISS [filed 4/6/2018; Docket No. 19]**

    On April 6, 2018, Plaintiff Veronica Flores ("Plaintiff") filed a Motion for Remand. On April 13, 2018, Defendant Dignity Health ("Dignity Health") filed its Opposition. On April 19, 2018, Plaintiff filed her Reply.

    In addition, on April 6, 2018, Dignity Health filed a Motion to Dismiss. On April 19, 2018, Plaintiff filed her Opposition. On April 30, 2018, Dignity Health filed its Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for May 14, 2018 are hereby vacated and the matters taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

### I.     FACTUAL AND PROCEDURAL BACKGROUND

    Dignity Health, a California corporation, is the fifth largest health system in the United States and the largest hospital provider in California. Dignity Health operates 358 hospitals, care centers, and clinics in California, including St. John's Regional Medical Center ("SJRMC") in Oxnard, California. Plaintiff, a citizen of California, was employed by Dignity Health for 23 years as a

Registered Nurse in the Emergency Department of SJRMC. During her employment, she was a member of the Service Employees International Union ("SEIU") and worked under the terms of a Collective Bargaining Agreement ("CBA") between SEIU and Dignity Health.

In February of 2014, Plaintiff complained about insufficient staffing of nurses, and she also completed an "Assignment Dispute Objection" form ("Dispute Form"), which is a form created by the SEIU. Specifically, Plaintiff complained that SJRMC was violating a state law that requires hospitals to adhere to particular nurse to patient ratios, including staffing one nurse for every one patient placed on a "5150" psychiatric hold. The Dispute Form was submitted to SJRMC's nursing supervisor, the director of the department, and an SEIU representative. It was also faxed to the State Department of Health Services, the Board of Registered Nursing, the Board of Vocational Nursing and Psychiatric Treatment, and Cal-OSHA. As a result, Dignity Health and state officials investigated Plaintiff's complaint.

On April 1, 2014, Plaintiff had a disagreement with her supervisor, Sherry Sterling, about whether Plaintiff had submitted her Mandatory Nursing Review—which nurses were required to complete yearly. Near the end of Plaintiff's shift, Debbie Gaultieri, Nurse Supervisor, instructed Plaintiff to report to Sterling's office for a meeting. During the meeting, Gaultieri told Plaintiff that other nurses had reported concerns about Plaintiff's patient care and suspected that Plaintiff may be under the influence. As a result, Plaintiff was told she would need to take a drug test. Plaintiff stated that she had not taken any medications that day, but had taken prescription pills the night before for neck injuries she suffered in 2007 and 2010. Plaintiff was immediately suspended and escorted by security to another facility to undergo a drug test.

During her suspension, Plaintiff met with representatives from Dignity Health and the SEIU several times regarding her work performance. Plaintiff's suspension lasted 57 days, and she returned to work on May 27, 2014. While Plaintiff was suspended and shortly after she returned to work, the SEIU filed grievances on Plaintiff's behalf related to Dignity Health's failure to return her to work within fourteen days and failure to progressively discipline her in accordance with the terms of the CBA.

On July 16, 2014, Plaintiff provided Dignity Health with a doctor's note, which required one of her three weekly shifts to be sedentary. Her request for reasonable accommodation was subsequently denied, and she was placed on involuntary leave without pay from July 17, 2014 until August 1, 2014. She returned to work on August 5, 2014 and provided Dignity Health with documentation indicating that she could fully resume her regular work duties.

On April 9, 2015, Dignity Health terminated Plaintiff's employment. On April 24, 2015, the SEIU filed a grievance on her behalf for wrongful termination in violation of the terms of the CBA. The parties proceeded to arbitration. On August 7, 2017, the arbitrator entered an award in favor of Plaintiff and ordered Dignity Health to reinstate Plaintiff, subject to specific conditions, and provide her with back pay.

On February 2, 2018, Plaintiff filed a Complaint in Ventura County Superior Court alleging two state-law based claims against Dignity Health for: retaliation in violation of Health and Safety Code Section 1278.5 and wrongful termination in violation of public policy. On March 27, 2018, Dignity Health removed the action to this Court.

On April 6, 2018, Plaintiff filed her Motion to Remand based on the grounds that the Court does not have subject matter jurisdiction over this action. In opposing Plaintiff's Motion, Dignity Health argues that this case rases a federal question because Plaintiff's state-law based claims are preempted by federal law.

## II.     LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Generally, a defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Dignity Health argues that the Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1331 because it presents a federal question.

Federal question jurisdiction is governed by the "well-pleaded complaint rule." This rule provides that subject matter jurisdiction is only appropriate under Section 1331 when a federal question appears on the face of a complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a result, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* In addition, a defendant may not remove solely "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties conceded that the federal defense is the only question truly at issue" in the case. *Id.* However, the well-pleaded complaint rule does not apply in situations where a federal statute completely preempts an area of state law. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1002, 1107 (9th Cir. 2000). "[O]nly three areas have been deemed areas of complete preemption by the United States Supreme Court: (1) claims under the Labor Management Relations Act ("LMRA"); (2) claims under the Employment Retirement and Insurance Security Act; and (3) certain Indian land grant rights." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 951 (C.D. Cal. 2014).

Section 301 of the LMRA provides federal courts with exclusive jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Congress enacted this section of the LMRA to ensure "uniform interpretation of collective-bargaining agreements, and thus, to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 n. 3 (1988). To further this goal, the preemptive effect of Section 301 has been extended beyond lawsuits that allege the violation of a collective-bargaining agreement. *See Allis-Chalmers Corp. v. Lueck*, 471

U.S. 202, 210–11 (1985). However, the preemptive scope of Section 301 is not unlimited. Indeed, a claim "that only tangentially involv[es] a provision of a collective-bargaining agreement [is] not preempted by [S]ection 301." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (internal citation and quotation marks omitted). "Nor are [claims] which assert non-negotiable state-law rights . . . independent of any right established by contract." *Id.*; *see also Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Moreover, "[a] . . . claim need not be preempted merely because certain aspects of the collective bargaining agreement govern work assignments and discharges." *Detabali*, 482 F.3d at 1203.

## III. DISCUSSION

Dignity Health argues that Plaintiff's claims for retaliation and wrongful termination in violation of public policy are preempted by the LMRA because they require the interpretation of the CBA and, therefore, the Court has federal question subject matter jurisdiction over this action. As the Ninth Circuit has held, the LMRA preempts a state law claim "if the resolution of [the] claim depends upon the meaning of a collective-bargaining agreement." *Detabali*, 482 F.3d at 1203; *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993). In determining whether LMRA preemption applies, "[t]he plaintiff's claim is the touchstone for this analysis; the need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).

In *Burnside*, the Ninth Circuit established a two-step test for determining whether a state law claim that appears to implicate a collective bargaining agreement is preempted by Section 301 of the LMRA. 491 F.3d at 1053. First, the Court should inquire whether the claim involves a right conferred on the employee by virtue of state law or by the terms of the CBA. *Id.* "If the right exists solely as a result of the CBA, then the claim is preempted", and the Court should end its analysis. *Id.* However, if the right exists independently of the CBA, the Court should proceed to consider whether the claim is "substantially dependent on analysis of [the] collective-bargaining agreement." *Id.* at 1059.

### A. The Right Asserted In Plaintiff's Claims Is Conferred by State Law

Dignity Health argues that Plaintiff "expressly predicates her claims on a number of violations of the CBA" and that this "alone is sufficient to find LMRA preemption." Opp'n 10. The Court finds Dignity Health's argument unpersuasive.[1] Although Plaintiff refers to the CBA five times in the Complaint, the references are primarily to provide context for the factual and procedural history of this action. *See Ramirez*, 998 F.2d at 749 (a plaintiff's mere "reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms."). Indeed, it is clear from the allegations in the Complaint that Plaintiff's

---

[1] Dignity Health cites to Docket No. 1-2, Exhibit A in support of this argument. However, Docket No. 1-2 is the Petition for Confirmation of Arbitration Award and Entry of Judgment ("Petition"), which was removed to this Court and assigned Case No. 18-cv-2471, not the Complaint alleging claims for retaliation and wrongful termination of public policy. Accordingly, the Court does not find Dignity Health's citations to the Petition persuasive on the issue of whether this action should be remanded.

claims for retaliation and wrongful termination are based on her assertion that Dignity Health terminated her in retaliation for complaining that SJRM's staffing practices did not comply with a state law that requires hospitals to maintain specific ratios of nurses to patients. Accordingly, the Court concludes that Plaintiff's claims are based on her assertion of a right to complain about a violation of a state staffing law aimed at promoting safety. This right clearly inures from state law and is not dependent on the CBA. *See Burnside*, 491 F.3d at 1053. ("[T]o determine whether a particular right inheres in state law," courts "consider the legal character of [the] claim, as independent of rights under the collective-bargaining agreement [and] not whether a grievance arising from precisely the same set of facts could be pursued.") (internal citation, quotation marks, and alterations omitted).

California Health and Safety Code Section 1278.5 clearly provides that it is a public policy of the State of California "to encourage patients, nurses, members of the medical staff, and other health care workers to notify government entities of suspected unsafe patient care and conditions." Cal. Health & Safety Code § 1278.5(a). Indeed, the California "[l]egislature encourages this reporting in order to protect patients and in order to assist those accreditation and government entities charged with ensuring that health care is safe." *Id.* Moreover, Section 1278.5(b)(1)(A) expressly prohibits a health facility from retaliating against any employee because the employee presented a "grievance, complaint, or report to the facility, to an entity or agency responsible for accrediting or evaluating the facility, or the medical state of the facility, or to any other governmental entity."

In addition, California has specifically created a claim for wrongful termination in violation of public policy, which prohibits an employer from taking adverse employment action against an employee who refuses to participate in or reports unlawful conduct. *See Tameny v. Atl. Richfield Co.*, 27 Cal.3d 167, 164 (1980). This tort claim recognizes a "non-negotiable state law right, which applies to unionized and non-unionized employees alike." *Germann v. Vulcan Materials Co.*, 106 F. Supp. 2d 1010, 1014 (S.D. Cal. 2000). "Indeed, courts have consistently recognized California's unwavering public interest, regardless of the employment relationship, in prohibiting retaliatory discharge for reporting safety and health considerations." *Id.*; *see also Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1093 (9th Cir.1990); *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 863 (9th Cir. 1987).

Accordingly, the Court concludes that Plaintiff's right to complain about a violation of state mandated staffing ratios arises from state law and not from the CBA.

### B. Plaintiff's Claims Are Not Substantially Dependent on Analysis of the CBA

To determine whether a state law right is "substantially dependent" on the terms of a CBA, a court must "decide whether [a] claim can be resolved by look[ing] to versus interpreting the CBA." *Burnside*, 491 F.3d at 1060. The line between "looking to" and "interpreting" is not always clear. *Id.* However, "when the meaning of contract terms is not the subject of dispute, the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require [a] claim to be extinguished." *Id.*

Dignity Health argues that Plaintiff's claims require an analysis of the CBA because a trier of fact will need to determine "whether Dignity Health acted consistently with its duties under the CBA" when it took the adverse actions against Plaintiff. However, Dignity Health's argument is based on an unnecessarily broad reading of the allegations in Plaintiff's Complaint. Although Plaintiff alleges that Dignity Health violated the terms of the CBA by failing to progressively discipline her and return her to work within a required timeframe, these issues are not integral to Plaintiff's claim. Indeed, it is clear from Plaintiff's allegations that the adverse employment action she complains of is her termination. Accordingly, the primary question underlying both of Plaintiff's claims is whether she was terminated because she complained that SJRMC's staffing violated a state law requiring a specific number of nurses to patients. The resolution of this question does not require an interpretation of the CBA.

In addition, contrary to Dignity Health's argument, a trier of fact will not need to determine whether Plaintiff was terminated for "just cause" under the terms of the CBA to resolve Plaintiff's claims. Plaintiff's retaliation and wrongful termination claims are firmly rooted in her allegations that Dignity Health wrongfully terminated her for complaining that it violated a state staffing law. Thus, the trier of fact will be narrowly focused on Dignity Health's motivation for terminating Plaintiff's employment—i.e., whether Dignity Health terminated Plaintiff because she complained about unlawful nurse to patient ratios. *See Brown v. Brotman Med. Ctr., Inc.*, 571 Fed. App'x 572, 575 (9th Cir. 2014). This purely factual determination does not require a trier of fact to interpret the "just cause" provision of the CBA. *See Robles v. Gillig LLC*, 771 F. Supp. 2d 1181, 1184 (N.D. Cal. 2011); *see also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988) (explaining that a state court can typically resolve a discriminatory discharge claim without interpreting the "just cause" language of a CBA). Accordingly, the Court concludes that Plaintiff's claims do not substantially depend on an analysis of the CBA and, therefore, they are not preempted by the LMRA.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and this action is **REMANDED** to Ventura County Superior Court for lack of subject matter jurisdiction. In light of the Court's ruling, Dignity Health's Motion to Dismiss the Complaint [Docket No. 19] is **DENIED as MOOT**. Plaintiff's request for attorneys' fees and costs incurred as a result of Dignity Health's removal is **DENIED**.

IT IS SO ORDERED.